UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMANDA OFFLEY, JAMIE DUMELLE, LUCY MASSA, and KERRY HINES, individually and on behalf of all others similarly situated, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:22-cv-10603-IT |
| FASHION NOVA, LLC, | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

September 22, 2023

TALWANI, D.J.

Plaintiffs Amanda Offley, Jamie Dumelle, Lucy Massa, and Kerry Hines ("Plaintiffs") bring this case on their own behalf and on behalf of proposed classes of similarly situated individuals from Massachusetts, Florida, Pennsylvania, and New Jersey against Fashion Nova, LLC ("Fashion Nova" or "Defendant"), alleging violations of each state's consumer protection laws. Amended Complaint [Doc. No. 18]. Fashion Nova filed a Motion to Compel Arbitration and Stay Action, or, in the Alternative, Dismiss the Complaint [Doc. No. 30]. Having denied the request to compel arbitration, see Memorandum and Order [Doc. No. 47], the court now turns to the motion to dismiss.

For the following reasons, Defendant's Motion [Doc. No. 30] is granted and part and denied in part.

## I. Background[1]

Plaintiffs Offley, Dumelle, Massa, and Hines are residents of Massachusetts, Florida, Pennsylvania, and New Jersey, respectively. Amend. Compl. ¶¶ 8-11 [Doc. No. 18]. Defendant Fashion Nova owns and manages a retail business that primarily operates through its website, fashionnova.com ("the Website"). Id. at ¶¶ 3, 13.

The Website includes individual product webpages with consumer reviews, from one star to five stars, as well as the average scores. Id. at ¶¶ 21, 22. Plaintiffs state that, as a general matter, consumers "heavily rely" on reviews of fellow consumers when shopping online and that consumers will not want to purchase or pay a significant amount for products with too many lower-starred reviews. Id. at ¶¶ 2, 23. Plaintiffs state that Fashion Nova "took advantage" of consumer reliance on reviews by suppressing certain lower-starred reviews. Id. at ¶ 4.

From 2015 through 2019, Fashion Nova "suppressed any and all" one-, two-, and three-star consumer reviews ("Lower Starred Reviews") submitted "on all Products on [the W]ebsite" through a third-party interface. Id. at ¶ 25. This conduct "artificially inflate[d] the average star rating for each Product on [the W]ebsite[.]" Id. at ¶ 26. The elevated average ratings inflated the value of Fashion Nova's items, and thereby the price charged for each item. Id. at ¶ 29. The suppression of Lower Starred Reviews also resulted in the omission of any consumer warnings or concerns about Fashion Nova's products. Id. at ¶ 30. The practice of suppressing Lower Starred Reviews had the effect of "making each Product look more attractive to all prospective consumers." Id. at ¶ 26. Therefore, "Defendant's representations of the Products . . . were

---

[1] For the purposes of the instant motion, the court assumes "the truth of all well-pleaded facts" set forth in Plaintiffs' Amended Complaint [Doc. No. 18] and draws "all reasonable inferences in the Plaintiff[s'] favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006).

materially misleading in that they were likely to deceive a reasonable consumer of other purchasers' true feelings and experiences with the Products, which were more negative than was otherwise advertised." Id. at ¶ 38.

In January 2022, the Federal Trade Commission ("FTC") filed a Complaint against Fashion Nova, alleging that Fashion Nova had been using a third-party interface that "allow[ed] [clients] to choose to have certain reviews automatically post based upon their star ratings and hold lower-starred reviews for client approval prior to posting." Id. at ¶¶ 35-36 (citing FTC Complaint). The FTC Complaint alleged that "[f]rom as early as late 2015 through mid-November 2019, Fashion Nova chose to have four- and five-star reviews automatically post to the [W]ebsite but did not approve or publish hundreds of thousands [of] lower starred-more negative reviews." Amend. Compl. ¶ 37 [Doc. No. 18].

Offley purchased multiple pairs of swimsuits and shorts from the Website in May 2018. Id. at ¶ 8. Dumelle purchased multiple dresses from the Website in November 2018. Id. at ¶ 9. Massa purchased a dress from the Website in October 2018. Id. at ¶ 10. Hines purchased multiple shirts, dresses, jeans, and skirts from the Website in February, September, October, and November of 2018. Id. at ¶ 11. Each Plaintiff "reviewed and relied on the highly rated consumer reviews" on the Website before deciding to make their purchases. Id. at ¶¶ 8-11. But for the suppression of Lower Starred Reviews, each Plaintiff "would not have purchased the Products or would have paid substantially less for them." Id. at ¶¶ 8-11.

## II. Standard of Review

To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 545 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006).

When plaintiffs bring claims sounding in fraud, there is an exception to Rule 12(b)(6)'s general plausibility pleading standard. See N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 15 (1st Cir. 2009) (holding the particularity requirement applies both to fraud claims and also to "associated claims where the core allegations effectively charge fraud"). Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a party must state "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires that a plaintiff's averments of fraud "specifically plead the time, place, and content of [the] alleged false representation". Mulder v. Kohl's Dep't Stores, Inc., 865 F.3d 17, 22 (1st Cir. 2017) (quotation omitted). The purpose of this requirement is to "give notice to defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of suits that simply hope to uncover relevant information during discovery." Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996).

## III. Discussion

Plaintiffs allege that Fashion Nova's practice of suppressing reviews violated the Massachusetts Consumer Protection Law, Mass. Gen. L. ch. 93A, §§ 1, et seq. (Count I), the Florida Deceptive and Unfair Trade Practices Act, Fla. Sta. §§ 501.201, et seq. (Count II),

Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201-1, et seq. (Count III), and New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, et. seq. (Count IV). Amend. Compl. ¶¶ 52-98 [Doc. No. 18]. Defendant asserts that Plaintiffs' Amended Complaint [Doc. No. 18] does not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, let alone Rule 9(b)'s heightened pleading standard, where the Amended Complaint [Doc. No. 18] does not state "which precise products" Plaintiffs "actually purchased," and what the "rating associated with each" product was at the time of purchase, or allege if each product had been affected by the alleged suppression of Lower Starred Reviews. Def. Mem. of Law in Sup. of Def's Mot. to Dismiss ("Def. Mem.") 19-20 [Doc. No. 31].[2] Plaintiffs argue that their item descriptions–"swimsuits," "shorts," "dresses," "shirts," "jeans, and skirts"–are sufficiently specific to identify the products they purchased. Pls. Opp'n 19 [Doc. No. 35]. Further, Plaintiffs assert that, by alleging Lower Starred Reviews were withheld for "all Products" across the Website, they have necessarily alleged that each item they purchased from the Website was affected by the suppression of reviews. Id. at 19-20. Plaintiffs assert that their allegations adequately apprised Fashion Nova of "the who, what, where, and when of the allegedly [misleading] representation," and that is all that is required at this stage of the proceeding. Id. at 21 (citing Dumont v. Reily Foods Co., 934 F.3d 35, 39 (1st Cir. 2019)).

Additionally, as to Plaintiff Massa, Defendant asserts that she fails to explicitly plead justifiable reliance as required by Pennsylvania's Unfair Trade Practices and Consumer

[2] Defendant also argued that Plaintiffs lack standing to seek injunctive relief because they have not demonstrated they are likely to be injured again in a similar way. Id. at 16-18. In response, Plaintiffs withdrew their request for injunctive relief. Pls. Opp'n to Def's Mot. 29 n.11 ("Pls. Opp'n") [Doc. No. 35].

Protection Law ("Pennsylvania Statute" or "UTPCPL") to support Count III. Def. Mem. 23 [Doc. No. 31]. Plaintiffs respond that the Amended Complaint does just that where it states Massa "reviewed and relied on . . . consumer reviews . . . prior to purchasing [the Product]." Pls. Opp'n 23 [Doc. No. 35] (quoting Amend. Compl. ¶¶ 10 [Doc. No. 18]).

Finally, Defendant asserts that all Plaintiffs have failed to allege injury as required by each state statute. Def. Mem. 24 [Doc. No. 31]. Plaintiffs respond that their claims should not be disposed of at this early stage for lack of a specific measurement of their injury. Pls. Opp'n 25-26 [Doc. No. 35].

*A. Statutory Overview*

a. Mass. General Law Chapter 93A

Mass. Gen. Laws ch. 93A, §§ 1, et seq. ("Chapter 93A") makes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful. Mass. Gen. Laws ch. 93A, § 2(a). "To plausibly state a Chapter 93A claim premised on a deceptive act, the plaintiff must allege '(1) a deceptive act or practice on the part of the seller; (2) an injury or loss suffered by the consumer; and (3) a causal connection between the seller's deceptive act or practice and the consumer's injury.'" Tomasella v. Nestlé USA, Inc., 962 F.3d 60, 71 (1st Cir. 2020) (quoting Casavant v. Norwegian Cruise Line, Ltd., 919 N.E.2d 165, 168 (Mass. App. Ct. 2009)). Because a Chapter 93A claim of deception involves fraud, the First Circuit requires "the circumstances to be stated with particularity under Rule 9(b) [and] generally consist of the who, what, where, and when of the allegedly misleading representation." Dumont, 934 F.3d at 38.

b. Florida Deceptive and Unfair Trade Practices Act

To state a claim under the Florida Deceptive and Unfair Trade Practices Act ("Florida Statute" or "FDUTPA"), Fla. Stat. §§ 502.201, et seq., a plaintiff must sufficiently allege "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." Marrache v. Bacardi U.S.A., Inc., 17 F.4th 1084, 1097 (11th Cir. 2021) (internal quotation omitted). The Florida Supreme Court has not addressed whether allegations under FDUTPA involving fraud must be plead under the heightened pleading standard, see id. at 1099-1100, while a lower Florida court has held that a party "need not prove the elements of fraud to sustain an action under the [FDUTPA]," Davis v. Powertel, Inc., 776 So.2d 971, 974 (Fla. Dist. Ct. App. 2000). Federal courts have split on the issue. See, e.g., Harris v. Nordyne, LLC, 2014 WL 12516076 (S.D. Fla. Nov. 14, 2014) (collecting cases and concluding Rule 9(b) does not categorically apply to FDUTPA claims, even where the FDUTPA claims include allegations implicating fraudulent conduct); cf. State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC, 278 F. Supp. 3d 1307, 1321 (S.D. Fla. 2017) (applying Rule 9(b) to FDUTPA claims but holding "the specificity requirements of Rule 9(b) are applied less stringently to avoid substantial unfairness to private litigants who could not possibl[y] have detailed knowledge of all the circumstances surrounding the alleged fraud." (quoting MeterLogic, Inc. v. Copier Sols., Inc., 126 F. Supp. 2d 1346, 1361 (S.D. Fla. 2000))).

c. Pennsylvania Unfair Trade Practices and Consumer Protection Law

To state a claim under the Pennsylvania Statute, 73 Pa. Cons. Stat. §§ 201-1, et seq., a plaintiff must allege (1) "a deceptive act," (2) "justifiable reliance," and (3) "ascertainable loss." Seldon v. Home Loan Servs., Inc., 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009) (citing Hunt v. U.S. Tobacco Co., 538 F.3d 217, 223 n.14 (3rd Cir. 2008). The Third Circuit has not resolved whether

plaintiffs must plead with particularity under Rule 9(b). Kemezis v. Matthews, 394 Fed. App'x 956, 958-59 (3d Cir. 2010) (declining to resolve which Rule applies where plaintiffs failed to plead allegations sufficient to satisfy Rule 8).

d. New Jersey Consumer Fraud Act

The New Jersey Consumer Fraud Act (the "New Jersey Statute"), N.J. Stat. Ann. §§ 56:8-1, et. seq., is "designed to address 'sharp practices and dealings in the marketing of merchandise and real estate whereby the consumer could be victimized by being lured into a purchase through fraudulent, deceptive or other similar kind of selling or advertising practices.'" Smajlaj v. Campbell Soup Co., 782 F. Supp. 2d 84, 97 (D.N.J. 2011) (quoting Daaleman v. Elizabethtown Gas Co., 390 A.2d 566, 569, 77 N.J. 267, 271 (1978)). To adequately allege a cause of action under the New Jersey Statute, a plaintiff must allege "(1) an unlawful practice, (2) an ascertainable loss, and (3) a causal relationship between the unlawful conduct and the ascertainable loss." Harnish v. Widener Univ. Sch. of L., 833 F.3d 298, 305 (3d Cir. 2016) (quoting Gonzalez v. Wilshire Credit Corp., 207 N.J. 557, 25 A.3d 1103, 1115 (2011)). Claims brought under the New Jersey Statute sounding in fraud must satisfy Rule 9(b). Therefore, the plaintiff must allege "'the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" Alpizar-Fallas v. Favero, 908 F.3d 910, 919 (3d Cir. 2018) (quoting Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007)).

*B. Plaintiffs' Allegations Regarding Products with False Ratings (Counts 1 – IV)*

Fashion Nova contends that Plaintiffs fail to satisfy either Federal Rule 8 or the heightened pleading standards of Rule 9 as to each of their claims where they do not offer specific facts regarding (1) the specific products Plaintiffs purchased, or (2) the content of the misrepresentations as to those products, including what the reviews for the products Plaintiffs

purchased said, what the star rating was for any of the products, and what rating would have precluded Plaintiffs from purchasing the products. Def. Mem. 25 [Doc. No. 31]. Plaintiffs respond that they have done so where they have alleged the "who, what, where, and when" of the deceptive acts. Pls. Opp'n 21 [Doc. No. 35].

Where Plaintiffs must satisfy Rule 9(b), as is required under the Massachusetts and New Jersey Statutes, Plaintiffs must allege the "who, what, what, where, and when" of the deceptive act (or unfair practice). See, e.g., Dumont, 934 F.3d at 38; Alpizar-Fallas, 908 F.3d at 919.

Plaintiffs have satisfied Rule 9(b) as to each Count where they have alleged: (1) who was responsible for the deceptive act: Defendant Fashion Nova; (2) what the misrepresentation was: suppressing Lower Starred Reviews and comments for all products sold from 2015 through 2019, thereby presenting deceptively raised average ratings for all products; (3) when the deception occurred: when Plaintiffs made purchases in various months during 2018; and (4) where the misrepresentations were made: on all products across the Website from 2015 through 2019. Accordingly Plaintiffs have satisfied Rule 9(b) as to the deceptive act or unfair practice for each claim.[3] Additionally, the Amended Complaint [Doc. No. 18] accomplishes the greater goals of Rule 9(b) as it adequately (1) "place[s] the defendant[] on notice and enable[s] them to

---

[3] Fashion Nova contends that Plaintiffs "concede[] that some products may not have had any reviews posted." Def. Reply 8 [Doc. No. 43] (citing Pls. Opp'n 25 [Doc. No. 35]). Plaintiffs do concede that "from 2015-2019, Defendant suppressed all one- to three- star ratings for all their products that had ratings, including the products Plaintiffs purchased." Pls. Opp'n 19 [Doc. No. 35] (citing Amend. Compl. ¶ 25 [Doc. No. 18] (emphasis added). However, where Plaintiffs have alleged the products they purchased had reviews, and that the reviews influenced their purchasing decisions, this is sufficient. "[S]ome latitude may be appropriate … at least where, as here, some of the information needed may be in the control of the defendants." Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012) (internal quotation marks omitted) (citing Pruell v. Caritas Christi, 678 F.3d 10, 15 (1st Cir. 2012).

prepare meaningful responses" by asserting the specific practice plaintiffs find deceptive; (2) "preclude[s] the use of [a] groundless fraud claim as a pretext to discovering a wrong" as the alleged wrong is already asserted and outlined in the FTC Complaint; and (3) "safeguard[s] defendant[] from frivolous charges which might damage their reputations," as these allegations were already made public by the FTC Complaint. See New Eng. Data Servs., Inc. v. Becher, 829 F.2d 286, 289 (1st Cir. 1987). Accordingly, Fashion Nova's argument that Plaintiffs have failed to satisfy Rule 9(b) as to the deceptive act under the relevant statutes fails.

*C. Justifiable Reliance under the Pennsylvania Statute (Count III)*

Defendant argues that the Pennsylvania Statute requires justifiable reliance and that Plaintiffs' allegations fail as merely conclusory. Def. Mem. 23-24 [Doc No. 31]. As an initial matter, Plaintiffs respond that Pennsylvania law directs that justifiable reliance is a question of fact that the court should defer until after discovery, but, that, in any event, Plaintiffs have sufficiently alleged justifiable reliance where (i) the Amended Complaint [Doc. No. 18] states that Massa "reviewed and relied on the highly rated consumer reviews on the Products prior to purchasing," Pls. Opp'n 23 [Doc. No. 35] (citing Amend. Compl. ¶ 10 [Doc. No. 18]), and (ii) Plaintiffs have cited to articles reflecting that most consumers rely on reviews in making purchasing decisions, id. (citing Amend. Compl. ¶¶ 18, 20 [Doc. No. 18]). The court agrees that Plaintiffs' allegations regarding justifiable reliance are sufficient at this stage.

To state a claim under the Pennsylvania Statute, a plaintiff must allege justifiable reliance, that is, "[s]he must show that [s]he justifiably bought the product. . . because of the misrepresentation." Hunt, 538 F.3d at 223 n.4 (citing Weinberg v. Sun Co., 777 A.2d 442, 445, 565 Pa. 612 (2001)); see also Danganan v. Guardian Protection Servs., 813 Fed. App'x 769, 772-73 (3d Cir. 2020).

Here, Plaintiffs allege that Massa saw an average customer rating greater than 4.0 on the dress she bought in October 2018 and that she "reviewed and relied on the highly rated consumer reviews[,]" as do, she asserts, the vast majority of consumers, "prior to purchasing [the] Product." Amend. Compl. ¶¶ 10, 20, 27 [Doc. No. 18]. Nothing further is required.

Fashion Nova contends that Massa "cannot point to a single misrepresentation concerning the products she actually purchased" and thus has not established justifiable reliance beyond conclusory allegations. Def. Mem. 23-24 [Doc. No. 31]. Fashion Nova relies on In re Rutter's Inc. Data Security Breach Litigation, 511 F. Supp. 3d 514, 542 (M.D. Pa. 2021), asserting that Massa's allegations are similarly "conclusory." Def. Mem. 23-24 [Doc. No. 31]. But in In re Rutter's, which arose out of a data breach containing credit card information, plaintiffs alleged only that they "relied on Rutter's misrepresentations and omissions relating to its data privacy and security" and "provided their [c]ard [i]information to Rutter's with the reasonable expectation that Rutter's would comply with its obligations" to keep the information secure. 511 F. Supp. 3d at 542 (internal quotations omitted). The court rejected these allegations where plaintiffs "d[id] not allege that they read or were even aware of the policy when they purchased products from Rutter's." Id. at 534 (internal quotation omitted). In contrast, Massa has alleged she reviewed and relied on the available customer reviews. That is sufficient at this stage.

*D. Injury*

Fashion Nova asserts that the Amended Complaint [Doc. No. 18] must be dismissed because Plaintiffs do not sufficiently allege any injury under the various statutes' requirements. Specifically, Fashion Nova contends that each statute requires a specific measure of injury or loss, and that, where Plaintiffs have provided no metrics concerning the loss they experienced, instead, alleging that they overpaid for Fashion Nova's products without any further detail, they

have failed to allege loss or injury. Def. Mem. 24-25 [Doc. No. 31]. The court considers the allegations as to each Count in turn.

1. Count I: Mass. Gen. Laws ch. 93A – Injury

Under Chapter 93A, injury must be separate from the deceptive conduct. See Shaulis v. Nordstrom, Inc., 865 F.3d 1, 10 (1st Cir. 2017). "'[C]laims of injury premised on "overpayment" for a product, or a loss of the benefit of the bargain, require an objective measure against which the plaintiff's allegations may be evaluated' and may not rest on the plaintiff's "subjective belief"' that he received a less valuable product than he paid for.'" O'Hara v. Diageo-Guinness, USA, Inc., 306 F. Supp. 3d 441, 453 (D. Mass. 2018) (quoting Shaulis, 865 F.3d at 10).

Offley states that "[h]ad Defendant not suppressed the Lower-Starred Reviews of the Products, [she] would not have purchased the Products or would have paid substantially less for them." Amend. Compl. ¶ 8 [Doc. No. 18]. Plaintiffs point to the star ratings as the measure of the products' value. Pls. Opp'n 26 [Doc. No. 35]. But this is not an "objective measure" sufficient to demonstrate injury under Chapter 93A. Shaulis, 865 F.3d at 12. Like the Plaintiff in Shaulis, Offley does not assert any bargained-for characteristics of the products she purchased that she has not received. Id. This is insufficient to state an injury under Chapter 93A based on overpayment.

While Plaintiffs cannot premise Offley's injury on a claimed "overpayment" without more, Offley also states that she would not have purchased the products at all but for Fashion Nova's suppression of Lower Starred Reviews on the products she purchased. See Amend. Compl. ¶ 8 [Doc. No. 18]; Pls. Opp'n 28 [Doc. No. 35]. Offley has alleged she suffered an "'identifiable harm' caused by the unfair or deceptive act." Shaulis, 865 F.3d at 10 (quoting Tyler v. Michaels Stores, Inc., 464 Mass. 492, 503, 984 N.E.2d 737, 745 (2013)). Plaintiffs need

not establish the measure of the injury at this stage. See Crane v. Sexy Hair Concepts, LLC, 2017 WL 8728961 at *5 (D. Mass. Oct. 10, 2017).

Accordingly, Offley has demonstrated injury under Chapter 93A sufficient to state a claim. Thus, Defendant's Motion fails as to Count I.

2. Count II: Fla. Stat. §§ 502.201, et seq. – Actual Damages

"Actual damages under FDUTPA 'are measured according to the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.'" Marrache, 17 F.4th at 1098 (quoting Carriuolo v. Gen. Motors Co., 823 F.3d 977, 986 (11th Cir. 2016) (cleaned up).

Dumelle's claimed injury is identical to Offley's. However, Florida law requires more of Dumelle than what is alleged. Because the inquiry for actual damages under Florida law turns on the benefit of the bargain, and Dumelle alleges no facts as to the quality of the products she purchased, the price she paid, or the price she might have paid for a comparable product, she has not stated actual damages under Florida Law. Accordingly, Count II must be dismissed.

3. Count III: 73 Pa. Cons. Stat. §§ 201- 1, et seq. – Ascertainable Loss

Defendant asserts Plaintiff Massa is required to plead ascertainable loss under the respective Pennsylvania Statute, but instead relies on conclusory allegations which are insufficient to establish the difference between the price paid and the value of the products received. Def. Mem. 25 [Doc. No. 31]. Plaintiffs counter that Massa "would not have purchased the products but for" the misrepresented product ratings, suggesting that the ascertainable loss was the entirety of the products' purchase prices. Pls. Opp'n 28 [Doc. No. 35]. The court

concludes that Massa's allegations that she would not have purchased the products at all is sufficient to allege ascertainable loss under the Pennsylvania Statute.

The Pennsylvania Statute requires that Massa plead ascertainable loss. See Broadhurst v. CitiMortgage, Inc., 838 F. App'x 671, 675 (3d Cir. 2020) (under the Pennsylvania Statute, a plaintiff "must demonstrate: (1) 'ascertainable loss of money, real or personal,'" and the "'loss must be nonspeculative.'").“While the Pennsylvania Supreme Court has not yet specifically identified what constitutes 'ascertainable loss' under the [Pennsylvania Statute], federal courts in this district and lower Pennsylvania state courts require that the loss asserted be an actual, non-speculative, loss of money or property." Hall v. Equifax Info. Servs. LLC, 204 F. Supp. 3d 807, 812 (E.D. Pa. 2016) (quotation omitted).

Here, Massa alleges that she "would not have purchased the Products or would have paid substantially less for them," but for Fashion Nova's suppression of Lower Starred Reviews. Amend. Compl. ¶¶ 8-11 [Doc. No. 18]. As with the Massachusetts and Florida Statutes, Plaintiffs cannot solely premise injury or loss on the assertion that, but for the suppression of reviews, they "would have paid substantially less" for the products. Under the Pennsylvania Statute, Massa's statement falls short of any measure of "ascertainable loss of money," where she does not allege any details regarding the difference between what she paid and might have paid absent suppression of reviews. See Broadhurst, 838 F. App'x at 675.

By contrast, that Massa would not have purchased the products is sufficient to demonstrate ascertainable loss at this stage. Where Massa alleges that she would not have purchased the products but for the suppression, she has alleged an ascertainable loss of money, i.e. the value of the goods purchased, that she would not have lost but for the misrepresentations.

Accordingly, Massa has demonstrated ascertainable loss under the Pennsylvania Statute sufficient to state a claim. Thus, Defendant's Motion fails as to Counts III.

4. Count IV: N.J. Stat. Ann. §§ 56:8-1, et. seq. – Ascertainable Loss

Similarly, Defendant contends that Plaintiff Hines is required to plead ascertainable loss under the New Jersey Statute, but instead relies on conclusory allegations which are insufficient to establish the difference between the price paid and the value of the products received. Def. Mem. 25 [Doc. No. 31]. Hines likewise argues that she "would not have purchased the products but for" the misrepresented product ratings, suggesting that the ascertainable loss was the entirety of the products' purchase prices. Pls. Opp'n 28 [Doc. No. 35]. As with Massa's statement under the Pennsylvania Statute, Hines' statement that she would not have purchased the products at all is sufficient to allege ascertainable loss under the New Jersey Statute.

The [New Jersey Statute] requires a plaintiff to allege "ascertainable loss," defined as "either an out-of-pocket loss or a demonstration of loss in value that is quantifiable or measurable[.]"). Alpizar-Fallas, 908 F.3d at 919. "[A] plaintiff is not required to allege the nature of the loss or present evidence of it at the motion to dismiss stage." Id. (internal quotation and citations omitted).

Here, Hines alleges that she "would not have purchased the Products or would have paid substantially less for them," but for Fashion Nova's suppression of Lower Starred Reviews. Amend. Compl. ¶¶ 8-11 [Doc. No. 18]. Under the New Jersey Statute for a "loss in value" claim, Hines would need to demonstrate the "loss in value is quantifiable or measurable," but, because Hines does not plead any details beyond that she overpaid, she has failed to demonstrate the overpayment is quantifiable or measurable in any fashion.

By contrast, that Hines would not have purchased the products is sufficient to demonstrate ascertainable loss at this stage. She has alleged an out-of-pocket loss, namely the loss of the money she paid for the products purchased, that she would not have lost but for the suppression of Lower Starred Reviews.

Accordingly, Hines has demonstrated ascertainable loss under the New Jersey Statute sufficient to state a claim. Thus, Defendant's Motion fails as to Count IV.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion [Doc. No. 30] is GRANTED as to Count II (Fla. Stat. § 502.201) and DENIED as to the remaining claims.

IT IS SO ORDERED

September 22, 2023

/s/ Indira Talwani
United States District Judge